411 A.2d 585.

ELIZABETH BROWN *et al. vs.*
NORMAND A. ARCHAMBAULT *et al.*

FEBRUARY 6, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Weisberger and Murray, JJ.

PER CURIAM.   This case is before us on an appeal from a mandatory preliminary injunction issued by the Superior Court requiring the Treasurer of the Town of West Warwick to "pay immediately on presentation any bills approved by the School Committee for payment." The defendant treasurer has moved for a stay of said injunction pursuant to our Rule 8. We heard oral argument on February 5, 1980, without the filing of briefs. This expedited hearing was given because of the unique public importance of the questions presented by this appeal.

It is apparent from the facts conceded by the parties, although no transcript has been furnished, that West Warwick has exhausted its budget for school purposes, although one month remains in the fiscal year. Approximately $450,000 would be necessary in order to fund the operation of schools for this additional month. It is contended by the treasurer

that only $250,000 remain available for all municipal purposes.

In the light of this grave financial dilemma, we are of the opinion that the members of the Town Council of the Town of West Warwick are indispensible parties to this litigation. We believe that the town council plays an essential role in the appropriation process and in the borrowing of funds in anticipation of appropriations. The trial justice declined to add the members of the town council as parties defendant in this litigation. In so doing, he was in error.

We therefore remand this case to the Superior Court with instructions to add the members of the town council as parties defendant, to make provision for service of process on such members, and to give them an opportunity to be heard on the matters in issue. Thereafter, the Superior Court may enter such order as it may deem appropriate under the circumstances.

The preliminary injunction heretofore entered by the Superior Court in the absence of said indispensible parties is hereby vacated. In light of this action, the motion for stay is denied pro forma. The case is remanded to the Superior Court for further proceedings.

Mr. Justice Doris did not participate.

*John D. Lynch,* for plaintiffs.

*J. Peter Doherty, Stephen P. Nugent, James F. McAleer, G. John Gazerro, Jr.,* for defendants.